**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **CASSANDRA WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 13-2481-STA-cgc** |
| | ) | |
| **WILLIE E. IRBY and ALLSTATE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Before the Court is Defendant Allstate Insurance Company's Motion for Judgment on the Pleadings (D.E. # 28) filed on December 4, 2013. Plaintiff Cassandra Williams has responded in opposition (D.E. # 33), and Defendant has filed a reply (D.E. # 36). This matter is now ripe for disposition. For the reasons set forth below, Defendant's Motion is **DENIED**.

**BACKGROUND**

For purposes of this Motion, the Court accepts the following well pleaded allegations of the Amended Complaint as true. Plaintiff is a citizen of the state of Mississippi and resides in DeSoto County, Mississippi. (Am. Compl. ¶ 2.) Defendant Willie E. Irby is upon information and belief a resident of the state of Tennessee and resides in Memphis, Tennessee. (*Id.* ¶ 3.) Plaintiff purchased auto insurance (policy #94535352412/24) from Defendant Allstate Insurance Company, which was in effect at the time of the incident that is the subject of this lawsuit. (*Id.* ¶ 6.) The policy was issued and delivered in the state of Mississippi. (*Id.*) Specifically, Plaintiff and Allstate

Insurance entered into a contract whereby Allstate Insurance agreed, among other things, to provide Plaintiff with uninsured/under insured motorist benefits as required by Mississippi's uninsured motorist statute, as codified at Miss. Code. Ann. §§ 83-11-101 et seq. (*Id.*)

On July 10, 2012, at approximately 5:15 p.m., Plaintiff Cassandra Williams was stopped in traffic in her 2009 Nissan Maxima in the far right lane facing southbound on Ridgeway near its intersection with Knight Arnold, in Memphis, Tennessee. (*Id.* ¶ 7.) At all times, Plaintiff was exercising due care under the circumstances. (*Id.*) At or about the same time, Defendant Irby was driving his 2005 Mitsubishi Galant southbound on Ridgeway when, suddenly and without warning, he violently collided with the rear of Plaintiff's vehicle, causing Plaintiff's vehicle to collide with the rear of the vehicle directly in front of her, thereby causing the damages and injuries to Plaintiff. (*Id.* ¶ 8.) Defendant was subsequently issued citations by the Memphis Police Department for failing to exercise due care and maintaining proper control of vehicle, financial responsibility, and was arrested for DUI and public intoxication. (*Id.*) Based on these fact pleadings, Plaintiff alleges claims against Defendant Irby of negligence, negligence per se, and wantonness. Plaintiff alleges an additional claim against Allstate for breach of contract for failure to pay Plaintiff uninsured/underinsured motorist (hereinafter "UM") benefits.

In its Motion for Judgment on the Pleadings, Defendant argues that Tennessee, and not Mississippi, substantive law should govern. The policy at issue contains a choice-of-law provision stating that the laws of Mississippi "shall" govern any claim or dispute under the policy. However, the policy goes on to state that a claim regarding a covered auto accident "may be governed by the laws of the jurisdiction" where the auto accident occurred.[1] Defendant contends that this language

[1] Def.'s Mot. for J. on Pleadings 4 (quoting Policy, ex. A to Def.'s Answer).

evidences the parties' intent to have the law of the jurisdiction where an accident occurs govern any dispute about the policy. While Mississippi law applies generally to claims or disputes under the policy, Defendant argues the policy contains an exception for any claim or dispute arising from a covered loss to the auto or covered auto accident taking place in a jurisdiction outside of Mississippi. In that scenario, the law of the jurisdiction where the loss or accident occurred governs the claim or dispute. Defendant goes on to argue that the choice-of-law provision was executed in good faith, the state of Tennessee has a material connection to the transaction, the parties' choice of Tennessee law is reasonable and not a sham, and the choice of Tennessee law is consistent with interstate comity. For these reasons, Defendant contends that Tennessee substantive law should apply.

Assuming that Tennessee law applies, Defendant further argues that dismissal of the case is proper. Under Tennessee law, an insured may not sue its UM insurer directly pursuant to Tenn. Code Ann. § 56-7-1206(a). The Tennessee courts have construed this code section to give insurers "a right of anonymity."[2] Where an insured seeks to obtain UM coverage from its insurer and names the insurer in its complaint, "outright dismissal of the entire case with leave to refile it against only the proper parties" is required.[3] Based on this authority, Defendant argues that the Court should apply Tennessee's UM statute to grant Defendant judgment on the pleadings.

Plaintiff responds that the Court should apply the substantive law of Mississippi. Allstate's position in this case is contrary to the position it has taken in other cases involving identical choice-of-law provisions in its auto insurance contracts. More importantly, Plaintiff contends that the

---

[2] Def.'s Mot. for J. on Pleadings 12 (quoting *Webster v. Harris*, 727 S.W.2d 248, 250 (Tenn. Ct. App. 1987)).

[3] *Id.* (quoting *Webster*, 727 S.W.2d at 251).

provision is ambiguous. The contract only states that the laws of some jurisdiction besides Mississippi "may" govern a claim or dispute over a covered auto loss or auto accident. The contract does not, however, specify the circumstances under which the other jurisdiction's law "may" apply. Plaintiff points out that Defendant issues policies in other states that contain the same choice-of-law provision found in Plaintiff's policy but with additional language that removes the ambiguity and explains when the law of another jurisdiction may apply. For example, in *Allstate Fire and Casualty Insurance Company v. Moore*, an Allstate policy issued in Ohio stated that a claim or dispute regarding a covered auto loss or accident "may be governed" by the laws of the jurisdiction where the loss or accident occurred "only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this."[4] Plaintiff argues that without this conditional language, which is not found in her policy, the choice-of-law provision at issue in this case is subject to more than one construction. As such, Plaintiff urges the Court to construe the clause against Allstate as the drafter of the ambiguous language and apply Mississippi law. Finally, Plaintiff argues that the Tennessee UM statute applies only to insurance contracts made and delivered in the state of Tennessee. The Tennessee Court of Appeals has held that the statute itself is clear and unambiguous and will not apply to UM policies issued outside of Tennessee. Therefore, Defendant is not entitled to judgment on the pleadings.

In its reply brief, Defendant reiterates its theory on the proper construction of the policy's choice-of-law provision. According to Defendant, the contract language proves the parties' intent to have Mississippi law govern any claim for a loss or accident in Mississippi and to have the law

---

[4] Pl.'s Resp. in Opp'n 4 (quoting *Allstate Fire & Cas. Ins. Co. v. Moore*, 993 N.E.2d 429, 433 (Ohio Ct. App. 2013)).

of another jurisdiction apply to any claim for a loss or accident in the other jurisdiction. As for the decision of the Tennessee Court of Appeals to limit the application of the Tennessee UM statute to policies made in Tennessee, Defendant responds that the case is not binding. Defendant argues that as a decision of an intermediate appellate court, this Court is not bound to follow it under *Erie*. Moreover, the case decided by the Tennessee Court of Appeals is distinguishable on its facts. Here the parties have contracted to apply Tennessee law to any dispute or claim arising from a covered loss or accident occurring in Tennessee. As a result, the parties have agreed to follow Tennessee law, even though the UM statute would not otherwise apply. Therefore, dismissal of Plaintiff's claim is proper.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) states, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."[5] Motions for judgment on the pleadings may be granted where the moving party "is entitled to judgment as a matter of law."[6] Just as with Rule 12(b)(6) motions, the Court must consider a Rule 12(c) motion by taking all the "well-pleaded material allegations of the pleadings of the opposing party" as true.[7] A pleading's factual allegations must be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible,

[5] Fed. R. Civ. P. 12(c).

[6] *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 444 (6th Cir. 2010).

[7] *Henry v. Chesapeake Appalachia, L.L.C.*, 739 F.3d 909, 912 (6th Cir. 2014).

i.e., more than merely possible.[8] However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient.[9] Thus, although the factual allegations in a pleading need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[10]

## ANALYSIS

### I. Choice of Law

As a threshold matter, the parties in this case disagree over what state's substantive law governs Plaintiff's UM claim. A federal court sitting in diversity applies the law of the forum state, including the forum's choice-of-law rules.[11] Generally, Tennessee follows the rule of *lex loci contractus*, meaning that "a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent," including a valid choice of law provision in the parties' contract.[12] In the specific context of insurance policies, Tennessee applies "the law of the

---

[8] *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

[9] *Marais v. Chase Home Finance LLC*, 736 F.3d 711, 713 (6th Cir.2013) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

[10] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly,* 550 U.S. at 555).

[11] *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 582 (2013); *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013).

[12] *Se. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006) (applying Tennessee law); *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973).

state where the insurance policy was 'made and delivered.'"[13] In cases where the parties' contract contains a choice-of-law provision, the Court will honor the parties' choice to apply the laws of another jurisdiction if the following conditions are met: (1) their choice-of-law provision must be executed in good faith; (2) their chosen jurisdiction must bear a material connection to the transaction; (3) the basis for their choice of jurisdiction must be reasonable and not a sham; and (4) the choice of the jurisdiction must not be contrary to the fundamental policy of a state having a materially greater interest and whose law would otherwise govern.[14]

The Court holds that the substantive law of Mississippi should apply in this case. As the Court is bound to follow Tennessee's choice of law rules, there is a presumption in this case that the parties' insurance contract is governed by the law of the jurisdiction where it was made and delivered. According to the facts alleged in the Amended Complaint, Plaintiff's policy was made and delivered in the state of Mississippi. Furthermore, it is undisputed that the policy contains a valid choice-of-law provision. The choice-of-law provision reads as follows: "Subject to the following paragraph, any and all claims or disputes in any way related to this policy shall be governed by the laws of Mississippi." The Court construes the clause to mean that Mississippi law applies generally to any claim or dispute and that the application of Mississippi law is mandatory by virtue of the phrase "shall be governed." Therefore, Mississippi law should govern unless the contract evidences a contrary intent of the parties to have the substantive law of some other jurisdiction apply.

---

[13] *Cracker Barrel Old Country Store, Inc. v. Cincinnati Ins. Co.*, 499 F. App'x 559, 561 (6th Cir. 2012) (citing *Ohio Cas. Ins. Co. v. Travelers Indem. Co.,* 493 S.W.2d 465, 467 (Tenn. 1973)).

[14] *Goodwin Bros. Leasing, Inc. v. H & B, Inc.,* 597 S.W.2d 303, 306 (Tenn. 1980).

The parties' choice of Mississippi law is subject to the second paragraph of the choice-of-law provision. That paragraph states that for covered losses or accidents occurring outside of the state of Mississippi, the loss or accident "may be governed by the laws of the jurisdiction" where the covered loss or accident took place. Defendant contends that based on the choice-of-law clause's second paragraph, the application of Tennessee law is mandatory in this case and that under Tennessee law dismissal of the case is required. Defendant argues that the Court should consider the second paragraph of the choice-of-law clause in light of the first paragraph and conclude that the law of another jurisdiction *must* apply any time a covered loss or accident occurs outside of Mississippi. Defendant asserts that "while Williams and Allstate chose Mississippi law in the first paragraph to govern claims based on insured occurrences in Mississippi, they intended in the second paragraph to subordinate that choice for, and allow the law of another state to govern, claims arising from covered occurrences in that other state."[15]

The Court finds Defendant's argument to be unconvincing. Under Tennessee law, the Court's task is to "interpret this provision to ascertain the intent of the parties, according to the natural meaning of the words, giving effect to every term, and construing any ambiguity against the drafter."[16] The Court construes the second paragraph of the choice-of-law clause to mean that the laws of some jurisdiction other than Mississippi might apply or could apply but will not necessarily apply in the event of a loss or accident happening outside of the state of Mississippi. The phrase "may be governed" is clearly permissive, and not mandatory. However, Defendant's proposed

---

[15] Def.'s Mem. in Support 7–8 (D.E. # 28-1).

[16] *Town of Smyrna, Tenn. v. Mun. Gas Auth. of Ga.*, 723 F.3d 640, 646 (6th Cir. 2013) (citing *Vantage Tech.,LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999)).

construction would effectively render the permissive "may be governed" as a mandatory "must be governed." The Court finds no warrant for Defendant's suggested reading of the choice-of-law provision. Defendant has not shown then that the parties intended for the law of Tennessee, and only Tennessee, to apply under the circumstances of this case. Therefore, the Court declines to adopt Defendant's reading of the clause as a mandatory choice-of-law provision.

The better construction of the clause is to treat the second paragraph as a caveat recognizing that the parties' choice of Mississippi law may not apply to claims for covered losses or accidents taking place outside of Mississippi. The permissive nature of the phrase simply allows for the possibility that the conflict of law rules of the jurisdiction where the covered loss or accident occurred, in this case the state of Tennessee, "may" require the application of the laws of a jurisdiction besides Mississippi. In all other cases, the laws of Mississippi apply. As such, the Court rejects Defendant's construction of the second paragraph as a definitive choice of Tennessee law over Mississippi law. What is more, the Court has already concluded that Tennessee's conflict-of-law rules point to the application of Mississippi law. As previously discussed, Tennessee courts would give the parties' choice-of-law provision its natural and ordinary meaning and conclude that Mississippi law governs the parties' dispute and that the application of Tennessee law is only permissible, and not mandatory. As such, the application of the substantive law of Mississippi is consistent with the parties' agreement and in harmony with Tennessee's conflict of laws principles. Because Defendant's Motion is premised on the mandatory application of Tennessee law, the Court need not decide whether the contract is ambiguous. Therefore, the Motion for Judgment on the Pleadings is **DENIED**.

## II. Tennessee's UM Statute Inapplicable

Even if the substantive law of Tennessee applied to the parties' contractual dispute, Defendant's Rule 12(c) Motion must still be denied. The Tennessee Court of Appeals has held that the specific requirements of Tennessee's UM statute apply only to "automobile insurance policies 'delivered, issued for delivery or renewed in" Tennessee.[17] The plaintiff in *Nelson* was a citizen of Texas traveling on business in the state of Tennessee when he was involved in an auto accident with an uninsured motorist.[18] The policy in *Nelson* was issued and delivered to the plaintiff in the state of Texas. Tenn. Code Ann. § 56-7-1206(a) reads as follows:

> Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though the insurance company were a party defendant. The company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, that nothing in this subsection (a) shall prevent the owner or operator from employing counsel of the owner's own choice; and provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.[19]

The Tennessee Court of Appeals held that the statutory language of Tenn. Code Ann. § 56-7-1206(a) was "clear and unambiguous" and concluded that the substantive provisions of the Tennessee UM statute did not apply to policies issued and delivered outside of the state of Tennessee.[20] In light of *Nelson*, the Court holds that the requirements of Tennessee's UM statute would not apply in this

---

[17] *Nelson v. Nelson*, 409 S.W.3d 629, 632 (Tenn. Ct. App. 2013), *applic. for permission to appeal denied*, Aug. 13, 2013 (quoting Tenn. Code Ann. § 56-7-1201(a)).

[18] *Id.* at 630.

[19] Tenn. Code Ann. § 56-7-1206(a).

[20] *Nelson*, 409 S.W.3d at 632.

case. According to Plaintiff's Amended Complaint, her policy of insurance was issued and delivered in the state of Mississippi, a fact which the Court accepts as true at the pleadings stage and which Defendant has not disputed. Thus, even assuming Tennessee substantive law applied in this case, the Tennessee Court of Appeals has held that the requirements of Tenn. Code Ann. § 56-7-1206(a) apply only to policies delivered, issued for delivery, or renewed in Tennessee. Therefore, dismissal of Plaintiff's claims would not be proper.

Defendant argues in its reply brief that *Nelson* was a decision of the Tennessee Court of Appeals and that it is not clear the Tennessee Supreme Court would follow *Nelson*. The Court finds this argument to be without merit. Under the *Erie* doctrine, in cases where a federal court exercises jurisdiction over state law claims, the federal court is bound to apply the substantive law of the forum state as if the action had been brought in a state court of the jurisdiction where the federal court is located.[21] When the highest court of the forum has not answered a particular question of law, the federal court must discern or predict how the state courts would respond if confronted with the question.[22] The federal court must ascertain from all available data what the law is and apply it.[23] In the absence of any indication that the state's highest court would adopt a rule contrary to the rule announced in an intermediate appellate court, a federal court is not free to ignore the announcement

---

[21] *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Tooling, Mfg. & Technologies Ass'n v. Hartford Fire Ins. Co.*, 693 F.3d 665 (6th Cir. 2012); *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007).

[22] *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy*,740 F.2d 1362, 1365 (6th Cir. 1984); *Clutter v. Johns-Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir. 1981).

[23] *Lukas v. McPeak,* 730 F.3d 635, 638 (6th Cir. 2013); *Bailey v. V & O Press Co., Inc.*, 770 F.2d 601 (6th Cir. 1985).

of a state appellate court on matters of state law.[24] While the Tennessee Supreme Court has not squarely addressed the issue presented, the Court finds no reason to disregard the Court of Appeals' holding in *Nelson*. Defendant has not shown why the Tennessee Supreme Court would adopt a construction of the Tennessee UM statute contrary to the construction announced in *Nelson*, particularly as the Tennessee Supreme Court declined to review the *Nelson* decision.[25] Therefore, the Court holds that *Nelson* should apply.

Defendant has also argued that *Nelson* is inapposite because the parties here have contractually agreed that Tennessee law, including Tennessee's UM statute, should govern their dispute. However, for the reasons already discussed, the policy evidences no such agreement. The parties only agreed that losses or accidents occurring in other jurisdictions "may be governed" by the law of those other jurisdictions. The Tennessee UM statute and the right of anonymity found in Tenn. Code Ann. § 56-7-1206(a) apply only to "automobile insurance policies 'delivered, issued for delivery or renewed in" Tennessee.[26] Defendant has failed to show that the parties agreed Tennessee should supply the law of decision, even under circumstances Tennessee law would not otherwise reach. In other words nothing in the plain language of the contract indicates that when Tennessee law specifically does not apply, the parties chose to apply it any way. Therefore, Defendant's Motion for Judgment on the Pleadings must be **DENIED**.

---

[24] *Henry*, 739 F.3d at 912; *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).

[25] *Lukas*, 730 F.3d at 638 ("State appellate court precedent is to be considered particularly persuasive where the Tennessee Supreme Court has refused to review the decision.").

[26] *Nelson*, 409 S.W.3d at 632.

**CONCLUSION**

The Court holds that pursuant to the insurance policy's choice-of-law provision, the substantive law of Mississippi governs Plaintiff's UM claims against Defendant. Even if Tennessee law provided the rule of decision in this case, the Tennessee courts have concluded that the Tennessee UM statute does not apply to insurance policies like Plaintiff's which are issued and delivered outside of the state of Tennessee. Therefore, Defendant's Motion for Judgment on the Pleadings is **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 5, 2014.